## McKEE *v.* RAINS.

1. A marshal of the United States sued in a State court after the 2d August, 1866, and convicted of a trespass in levying upon property not the defendant's in his writ, cannot remove the suit into the National courts either under the act of April 9th, 1866 (14 Stat. at Large, 27), or the act of March 3d, 1863 (12 Ib. 755), as a suit brought against him in a State court for a trespass made or committed during the rebellion by authority derived from an act of Congress.
2. A writ of error which, if sued out after certain decisions announced, might be to be regarded as sued out merely for delay, and be followed by an affirmance of the judgment below, with damages at the rate of ten per cent. per annum on the amount of the judgment, as provided for by the 23d Rule of Court, will not be so regarded, nor the suing out of it so punished in a case where the principle which it sought to establish had not been adjudged by this court and the judgment announced, but as yet was seriously controverted.

ERROR to the Circuit Court for Louisiana.

Louise Rains brought trespass, November 26th, 1866, in one of the State courts of Louisiana against McKee (who was marshal of the United States), Cady, and others, sureties of McKee in his official bond. The petition and supplemen-

tal petition alleged a forcible entry into the dwelling-house
of the petitioner by the defendants McKee and Cady; violent
eviction and exclusion from a great part of it, and seizure of
a large quantity of valuable furniture, with special circum-
stances of aggravation, all which unlawful acts were perpe-
trated by McKee under the pretence of lawful authority as
United States marshal.   The petitioner claimed damages
against the defendants, McKee and Cady, and against the
other defendants, sureties of the former, to the amount of
$50,000.

The defendants answered, alleging that the seizure was
lawful, and authorized by a writ of execution out of the Cir-
cuit Court of the United States for the District of Louisiana,
directed to the defendant, McKee, as marshal, and com-
manding him to make out of the property of his codefend-
ant, Cady, the sum of $3841, and upwards; and that the
property seized was the property of Cady.

Upon these pleadings the case went to the jury, who found
for the plaintiff $7500, and judgment was entered upon the
verdict.

Afterwards a petition was filed by the defendants in the
State court for the removal of the cause into the Circuit
Court of the United States: the petition alleged among other
things that the defendants could not enforce in the State tri-
bunal the rights guaranteed to them by the act of Congress
of April 9th, 1866.*   The act thus referred to provides for
the removal, before or after judgment, of any suit or prose-
cution commenced in a State court against any officer or
other person for any arrest or imprisonment or other tres-
pass or wrong, made or committed *during the rebellion, by
authority derived from any act of Congress*, on application of
the defendant at the time of entering his appearance.

A prior act (one, to wit, of 3d March, 1863),† not referred
to in any way in the petition, provides that if any suit or
prosecution, civil or criminal, has been or shall be com-
menced in any State court against any officer, civil or mili-

---

* 14 Stat. at Large, 28.                    † 12 Ib. 756–7.

tary, or against any other person, for any arrest or imprisonment made, or other trespass or wrongs done or committed at any time *during the present rebellion, by virtue of any authority derived from any act of Congress,* the defendant may (on certain conditions) remove the case to the next Circuit Court.

The petition for removal was granted and an order for removal made accordingly. Upon the filing, under this order, of the record from the State court in the National court, an order was made, upon a rule to show cause to the contrary, for remanding the case to the State court; and McKee and the other defendants now brought this order of remand by writ of error before this court; alleging that it ought not to have been made.

*Mr. Durant, for the plaintiffs in error:*

The suit was for a " trespass " committed by the marshal. The marshal derives his authority from " an act of Congress." The case seems, therefore, to fall within the words alike of the act of March 3d, 1863, and that of April 9th, 1866: though the latter one being the only one referred to in the petition is the only one on which we chiefly insist.

*Mr. P. Phillips, contra:*

The case is not at all within the spirit of either of the acts of Congress relied on, nor even within their words. The taking of the writ of error is an effort on the part of executive officers to shield themselves from trespasses. by invoking the authority of the United States, and thus transferring their cases to Federal jurisdiction; not a novel effort in this court, and denounced whenever made.*

The object of the removal to the Circuit Court, and its removal from the Circuit to this court, is so obviously to baffle and delay the plaintiff below in the collection of her judgment, that it justifies the application which we now make for an affirmance of the judgment, with damages at the rate of ten per cent. per annum, under the 23d Rule,

---

* Day *v.* Gallup, 2 Wallace, 97; Buck *v.* Colbath, 3 Id. 334; Millingar *v.* Hartupee, 6 Id. 259.

which authorizes such damages wherever the writ "shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay."*

The CHIEF JUSTICE delivered the opinion of the court.

We perceive no error in the order of the Circuit Court remanding the suit to the State court. The case made by the pleadings was clearly within the jurisdiction of the State court where the suit was brought;† and the parties being all citizens of the same State, was not within the original jurisdiction of any National court.

Nor was the case one which could at any stage be removed into the Circuit Court of the United States under the act of Congress of March 3d, 1863, or April 9th, 1866.

It is very plain that the first of these acts does not apply to the case before us. It was not a suit or prosecution described by the act. No act of Congress has been cited from which authority can be derived to the marshal of any court of the United States to seize the goods of one person for the satisfaction of the debts of another.‡ Nor was the suit brought during the rebellion; for the rebellion must be regarded as having closed, in all cases where private rights are affected by the time of its termination, on the 2d of August, 1866.§

And if neither of these points were decisive, the fatal objection to the attempted removal would remain; that no application was made until after verdict; and the Constitution provides¶ that "no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law." All these propositions have been so recently determined by this court that nothing more is now necessary than to state them as settled.

---

* Prentice v. Pickersgill, 6 Wallace, 511.
† Buck v. Colbath, 3 Id. 340–1.
‡ Bigelow v. Forrest, 9 Id. 339.
‖ United States v. Anderson, Ib. 56.
¶ Justices v. Murray, 9 Wallace, 274.

. Nor does it seem necessary to consider the right to remove this case claimed under the act of April 9th, 1866. The counsel for the plaintiffs did not insist upon it in argument; and it is evident, upon looking into the act, that the suits, for the removal of which it provides, are such as have arisen or may arise under that act; and it is quite clear that the suit before us is not of that description.

The order of the Circuit Court remanding the case to the State court must, therefore, be      AFFIRMED.

The counsel for the defendant in error asks, under the twenty-third rule, that the order may be affirmed with damages at the rate of ten per cent. per annum on the amount of the judgment in the State court. If, upon the application for removal, the decisions of this court recently made had been announced, there might be ground for argument that the writ of error was sued out merely for delay. But it must be remembered that at the time of suing out the writ of error in this case, all the questions settled by those decisions were seriously controverted.

We cannot say, therefore, that the writ was not prosecuted in good faith, and in the expectation of obtaining a reversal of the order. The motion for affirmance with ten per cent. damages must be      DENIED.