**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for MBank Houston, N.A., Successor to MBank Greens Parkway, N.A., Plaintiff,**

v.

**Suzan E. TAYLOR, d/b/a Exploration Services, Defendant,**

v.

**WORTH OPERATING, INC., Aaron Hees, and Jim Howard, Third–Party Defendants.**

**Civ. A. No. H–89–1463.**

United States District Court, S.D. Texas, Houston Division.

Dec. 19, 1989.

## ORDER

HITTNER, District Judge.

Pending before this Court are a motion to remand (Document # 2) filed by defendant Suzan E. Taylor, d/b/a Exploration Services ("Taylor"), and a motion for stay (Document # 14) filed by plaintiff Federal Deposit Insurance Corporation ("FDIC").

MBank Greens Parkway, N.A. ("MBank") originally brought this suit against Taylor in Texas state court, seeking recovery on two promissory notes executed by Taylor. Taylor filed counterclaims against MBank that incorporated a number of common-law contract and tort theories and allegations under the Texas Deceptive Trade Practices Act. After a jury trial, the state court judge entered a final judgment in favor of Taylor on February 27, 1989. Following its appointment as MBank's receiver on March 28, 1989, FDIC intervened in the state court proceedings and adopted MBank's then-current pleadings, including a motion for new trial and a motion to modify, correct, or reform the judgment. FDIC removed the case to this Court on April 26, 1989, before the state court issued rulings on the pending motions.

■ The Court first addresses the FDIC's motion for stay. FDIC seeks a 90–day stay of these proceedings pursuant to a provision of the recently enacted Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73 [hereinafter FIRREA], 1989 U.S.Code Cong. & Admin.News (103 Stat.) 183. Under FIRREA, FDIC as receiver may request a stay of 90 days in any judicial proceeding in which the institution in receivership "is or becomes a party." 12 U.S.C. 1821(d)(12) (1982), *as amended by* FIRREA, *supra*, § 212(a), 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 231–32.

FDIC is not entitled to such a stay in this case. FDIC was appointed MBank's receiver on March 28, 1989—a date six months prior to its request for a 90–day stay under section 1821(d)(12). The legislative history of FIRREA indicates that the 90–day stay provision was enacted to allow

James C. Slaughter, Fulbright & Jaworski, Houston, Tex., for plaintiff and Jim Howard.

Robert Hayden Burns, Butler & Binion, Houston, Tex., for Suzan Taylor.

Robert David Daniel, Hirsch & Westheimer, P.C., Houston, Tex., for Federal Deposit Ins. Corp.

Aaron Hees, pro se.

the FDIC receiver "breathing room" immediately upon appointment. According to a House of Representatives report on FIRREA, "[t]he appointment of a conservator or receiver can often change the character of litigation; the stay gives the FDIC a chance to analyze pending matters and decide how best to proceed." H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 331 (1989), *reprinted in* 1989 U.S.Code Cong. & Admin.News (103 Stat.) 86, 127. The statute was not enacted to give FDIC the power to stay proceedings to which it is a party at any point, regardless of the length of its involvement. This Court declines to grant the FDIC a stay in a case in which it has been a party for six months.

■ The Court next addresses Taylor's motion to remand. Taylor raised a number of objections to the method by which FDIC removed the case. The alleged procedural defects include the failure of FDIC to state the proper basis for removal in its removal petition and FDIC's erroneous reliance, as a plaintiff, on 28 U.S.C.A. § 1441 (West Supp.1989) as a basis for removal.

Any such arguments became moot with the passage of FIRREA. Newly amended 12 U.S.C. 1821(d)(13)(B) provides that "[i]n the event of any appealable judgment, the [FDIC] as ... receiver shall have all the rights and remedies available to ... the [FDIC] in its corporate capacity, including removal to Federal court and all appellate rights." 12 U.S.C. § 1821(d)(13)(B) (1982), *as amended by* FIRREA, *supra*, § 212(a), 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 232. One of the remedies available to FDIC in its corporate capacity is the power to remove any state court suit to which it is a party, subject to a proviso that has no application to this case. 12 U.S.C. § 1819(b)(2)(B) (1982), *as amended by* FIRREA, *supra*, § 209, 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 216. Sections 1821(d)(13)(B) and 1819(b)(2)(B) provide a specific removal power for FDIC as receiver that supplements the removal provisions of 28 U.S.C.A. §§ 1441–1452 (West 1973 &

Supp.1989). Under the presently applicable statutes, FDIC is thus authorized to remove this case, even after entry of a state court judgment. *Cf. In re Savers Federal Savings & Loan Association*, 872 F.2d 963, 965–66 (11th Cir.1989) (rejecting argument that removal under former 12 U.S.C. § 1730(k)(1) was limited to cases in which a state court judgment had not yet been entered).[1]

Taylor makes two additional arguments, however, that FIRREA's enactment did not moot. The first is that by removing a case in which a motion for new trial or a motion to reform, modify, or correct a state court judgment is pending, the removing party vests the federal district court with appellate jurisdiction in violation of the Judicial Code, 28 U.S.C.A. §§ 1330–1366 (West 1966, 1976 & Supp.1989). The second argument is that the seventh amendment of the United States Constitution prevents removal in cases in which a state court has entered judgment but in which a motion for new trial is pending. Removal in such circumstances, according to this argument, subjects the jury findings underlying the judgment to constitutionally impermissible reexamination by a federal district court.

■ Taylor asserts that removal of a case in which a state court has entered judgment, but in which a motion for new trial or motion to modify, correct, or reform the judgment is still pending, vests a federal district court with appellate jurisdiction. This vesting, according to Taylor, abrogates the Judicial Code's establishment of federal district courts as courts of original jurisdiction. Taylor bases this argument on the principle set out in *Barrow v. Hunton*, 99 U.S. (9 Otto) 80, 82, 25 L.Ed. 407 (1879), that a federal district court may not exercise removal jurisdiction over a suit that seeks to set aside a prior state court judgment if the removed suit "is a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it."

---

1. FDIC also argues that Taylor failed to raise her objections to defects in removal procedure within 30 days after removal under 28 U.S.C.A.

§ 1447(c) (West Supp.1989). The Court need not reach this issue.

The Fifth Circuit has held that the *Barrow* principle does not preclude district court jurisdiction over an attempt to set aside, through a motion for new trial, a default judgment entered in state court prior to removal. *Beighley v. Federal Deposit Insurance Corp.*, 868 F.2d 776, 781 (5th Cir.1989). Under the *Beighley* rationale, the *Barrow* rule does not apply to the instant case. The *Barrow* rule "applies only when an action in federal court seeks to nullify or to enforce the judgment of a *prior* state court suit." *Beighley*, 868 F.2d at 781. Because the postjudgment motions at issue here arise in the removed state court suit itself, rather than in a suit that "follow[s] any *other* state court proceeding," *id.* at 781 (emphasis added), the instant chain of events does not implicate the concern of *Barrow* (and of the other cases cited by Taylor)[2] with indirect appellate review of prior state court decisions. In obtaining removal jurisdiction over a case, a federal district court sits not as an appellate tribunal but as the surrogate of the state trial court. It assumes that everything that transpired in the case prior to removal occurred in the federal court. *See Vernon Savings & Loan Association v. Commerce Savings & Loan Association*, 677 F.Supp. 495, 498–99 (N.D.Tex.1988).

Taylor's remaining argument for remand is premised on the seventh amendment's mandate that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. Taylor argues that because at common law, only the court in which a case was tried could grant a new trial,[3] the seventh amendment precludes this Court's obtaining removal jurisdiction over the instant case in its present posture.[4]

The "no facts tried by a jury" clause of the seventh amendment does indeed serve as a substantial check on the power of federal courts to review findings of fact by a jury, whether that jury sits in federal or state court. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 285 n. 26, 84 S.Ct. 710, 727 n. 26, 11 L.Ed.2d 686 (1964); *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines*, 369 U.S. 355, 359, 82 S.Ct. 780, 783, 7 L.Ed.2d 798 (1962); *Chicago, B. & Q.R. v. Chicago*, 166 U.S. 226, 242–44, 17 S.Ct. 581, 586–87, 41 L.Ed. 979 (1897); *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1442–43 (10th Cir.1988); *Budge v. Post*, 643 F.2d 372, 374–75 (5th Cir.1981).

As Taylor points out, the seventh amendment has operated to strike down a former federal statute that allowed for postjudgment removal and automatic retrial of a state court case. *See The Justices v. Murray*, 76 U.S. (9 Wall.) 274, 276–82, 19 L.Ed. 658 (1870); *see also McKee v. Rains*, 77 U.S. (10 Wall.) 22, 25, 19 L.Ed. 860 (1870) (citing *Murray* in recognizing seventh amendment infirmity of provision allowing removal and automatic retrial of state court cases). In *Stevenson v. Williams*, 86 U.S. (19 Wall.) 572, 576, 22 L.Ed. 162 (1874), the Supreme Court noted that any removal legislation requiring the federal courts to "set aside the trial and judgment of the State Court as of no validi-

---

**2.** Taylor also cites, among other cases, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); and *Sitton v. United States*, 413 F.2d 1386, 1389 (5th Cir.1969), *cert. denied*, 397 U.S. 988, 90 S.Ct. 1118, 25 L.Ed.2d 395 (1970).

**3.** Taylor cites *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 448, 7 L.Ed. 732 (1830), for this proposition.

**4.** The Court also notes that under Taylor's arguments, 28 U.S.C.A. § 1446(b) (West Supp.1989) would be unconstitutional not only as it applies to the removal power of FDIC or the Resolution Trust Corporation but also generally, to the extent that it allows removal after a state court judgment but prior to a hearing on a motion for new trial. There is only one time limitation under § 1446(b) for removal of a case, such as the one here, that takes on a federal question at some point during litigation: a notice of removal must be filed within 30 days of a defendant's receipt of the order, filing, or other paper from which it may first be ascertained that the case is or has become removable. Section 1446 does not prevent removal of such federal question cases after state court judgment but before consideration of a pending motion for new trial.

ty ... would be of doubtful validity." The issue here, however, is whether the seventh amendment precludes a removal provision that does not mandate retrial in a federal court, but rather places a motion for new trial, and thus the *potential* for mandating retrial, in a federal court.

*Murray* concerned a March 3, 1963 statute entitled "An Act Relating to Habeas Corpus, and Regulating Proceedings in Certain Cases." This Civil War statute allowed a civil or military officer who faced a criminal prosecution or civil proceedings in state court to remove the proceedings to a United States circuit court within six months of the rendering of judgment in the state court. The statute also provided that upon removal, the circuit court would ignore the state court judgment and retry the case. *Murray*, 76 U.S. (9 Wall.) at 275–76.

The Supreme Court construed the seventh amendment as applying not only to cases originating in federal court but also those removed from state court. *Id.* at 278–79. The *Murray* Court found that "the history of the Amendment [shows] that it was the apprehension and alarm in respect to the appellate jurisdiction of the [Supreme Court] over cases tried by a jury in the state courts that led mainly to its adoption." *Id.* at 281.

The *Murray* Court also held that the "no facts tried by a jury" language of the seventh amendment constituted a " 'substantial and independent clause' " that prohibited federal courts from reexamining facts tried by a jury in any manner other than those known at common law. *Id.* at 277 (quoting *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830)). In language upon which Taylor further relies, the *Murray* Court then quoted Justice Story's observation in *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 7 L.Ed. 732 (1830), that " 'the only modes known to the common law to reexamine such facts [were] the granting of a new trial by the court where the issue was tried, or the award of a venire facias de novo, by the appellate court, for some error of law that had intervened in the proceedings.' " *Murray*, 76

U.S. (9 Wall.) at 277–78 (quoting *Parsons*, 28 U.S. (3 Pet.) at 448).

It appears, however, that the *Murray* Court misquoted Justice Story's statement of the procedures at common law for reexamining facts tried by a jury. Justice Story stated in *Parsons* that "[t]he only modes known to the common law to re-examine such facts are the granting of a new trial where the issue was tried, *or to which the record was properly returnable;* or the award of a venire facias de novo by an appellate court for some error of law which intervened in the proceedings." *Parsons*, 28 U.S. (3 Pet.) at 448 (emphasis added).

The language omitted by the *Murray* Court, "or to which the record was properly returnable," is crucial to this Court's disposition of the seventh amendment challenge to FDIC's removal. By the time of the adoption of the seventh amendment, motions for new trial were heard by the English trial court *en banc*, rather than by the judge who presided at *nisi prius*. *See* 3 W. Blackstone, *Commentaries* \*391–92; 6A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 59.05[1], at 59–40 (2d ed.1989) [hereinafter *Moore's Federal Practice* ]; Schofield, *New Trials and the Seventh Amendment*—Slocum v. New York Life Insurance Co., 8 Ill.L.Rev. 287, 301–02, 308 n. 35 (1913). The common law at the time of the seventh amendment's adoption did not contain a rule that only the judge who presided at trial could consider a motion for new trial.

A federal district court is sufficiently akin to a common-law court "to which the record was properly returnable" that removal under such circumstances preserves the substance of the seventh amendment protection, if not the precise form. The precise procedure involved in this case—removal of a state court case following entry of judgment but before consideration of a motion for new trial—was unknown to the common law. However, the seventh amendment "did not bind the federal courts to the exact procedural incidents or details of jury trial according to the common law in 1791, any more than it tied them to the common-law system of pleading or the specific rules of evidence then prevailing."

*Galloway v. United States,* 319 U.S. 372, 390, 63 S.Ct. 1077, 1087, 87 L.Ed. 1458 (1943). Any seventh amendment inquiry must take into account whether a challenged procedure preserves the *substance* of the amendment's protections. *See Gasoline Products Co. v. Champlin Refining Co.,* 283 U.S. 494, 498, 51 S.Ct. 513, 514, 75 L.Ed. 1188 (1931); 6A *Moore's Federal Practice, supra,* ¶ 59.05[2], at 59–42. Removal under the circumstances of this case merely places the *potential* for mandating retrial in the district court, following the district court's application of the standards of Fed.R.Civ.P. 59(a) (under the limitations of the seventh amendment) to the jury findings at issue. This process does not involve the complete disregard of state court jury findings by a federal court that invokes seventh amendment strictures under such cases as *Murray* and *Stevenson.*

Based on the foregoing, the Court

ORDERS that the FDIC's motion for stay is DENIED. The Court further

ORDERS that Taylor's motion to remand is DENIED.