PRINCE GEORGE JOINT VENTURE, a Texas General Partnership, et al., Plaintiffs,

v.

SUNBELT SAVINGS, F.S.B., a Federal Savings Bank, et al., Defendants.

Civ. A. No. CA3–90–1520–D.

United States District Court, N.D. Texas, Dallas Division.

Sept. 7, 1990.

Michael F. Pezzulli and Melanie Gee of Pezzulli & Associates, Dallas, Tex., for plaintiffs.

Elizabeth A. Lang–Miers and C. Michael Moore of Locke Purnell Rain Harrell, Dallas, Tex., for defendant Sunbelt Sav., F.S.B.

Britt Monts of Lynch Chappell & Alsup, Dallas, Tex., for defendant FDIC.

Robert W. Dupuy of Brown Maroney & Oaks Hartline, Dallas, Tex., for defendants First Stockton Partners, First Stockton Service Corp., and The Resolution Trust Corp. as Receiver for Southwest Sav. Ass'n.

FITZWATER, District Judge:

The court is asked to decide whether the 90–day stay provision of 12 U.S.C. § 1821(d)(12) is mandatory.

I

In this case plaintiffs Prince George Joint Venture and Prince George Corporation assert claims against various defendants, including the Federal Deposit Insurance Corporation ("FDIC") and the Resolution Trust Corporation ("RTC"), for breach of a joint venture agreement, breach of duty of good faith and fair dealing, control and domination, economic duress, unlawful interference with business activities, and injunctive relief. Prince George Joint Venture was formed to develop approximately 2,000 acres of beach and resort property on the South Carolina coast. Plaintiffs con-

tend the joint venture has encountered difficulties in completing development of the property as a result of natural disasters and various other factors, including the conduct of the defendants. As a result, plaintiffs contend they now face the threat of imminent harm.

The relationship among the parties and the details of the project are complex and not particularly relevant to this motion. It is sufficient to note that plaintiffs moved for a temporary restraining order and preliminary injunction against all the defendants, contending the threatened foreclosure on the property would irreparably damage the plaintiffs.

On July 18, 1990 the court granted a request for stay filed by the RTC. On August 1, 1990 the court denied the application for temporary restraining order and preliminary injunction. The court concluded that plaintiffs could not establish they were likely to suffer irreparable injury because under South Carolina law foreclosure cannot occur in the absence of judicial approval. Thus if defendant Sunbelt Savings, F.S.B. were to institute foreclosure proceedings, plaintiffs would have an opportunity to prevent foreclosure. On August 20, 1990 the court denied plaintiffs' motion for reconsideration of its order denying the application for temporary restraining order.

Plaintiffs Prince George Joint Venture and Prince George Corporation now move for reconsideration of the court's order granting a 90–day stay, contending the stay is not mandatory.

## II

■ The question presented is whether a 90–day stay must be granted when requested by the conservator or receiver for an insured depository institution. The right to a stay derives from 12 U.S.C. § 1821(d)(12).

In construing a statute, the court must begin with the language of the statute itself. *FDIC v. Loyd*, 744 F.Supp. 126,

131 (N.D.Tex.1990). The court seeks to determine the intent of Congress from the words of the legislative branch. "It is the intent of Congress—not the choice of a judge—that must control." *Id.* (quoting *Driggs v. United States*, 706 F.Supp. 20, 21 (N.D.Tex.1989)).

Section 1821(d)(12) provides:

(12) Suspension of legal actions

(A) In general

After the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed—

(i) 45 days, in the case of any conservator; and

(ii) 90 days, in the case of any receiver,

in any judicial action or proceeding to which such institution is or becomes a party.

(B) Grant of stay by all courts required

Upon receipt of a request by any conservator or receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

The language of the statute is plain. The RTC or FDIC "may request a stay" after its appointment as conservator or receiver "in any judicial action or proceeding" in which a failed financial institution "is or becomes a party." 12 U.S.C. § 1821(d)(12)(A). The statute further contains a catchline which states, "Grant of stay by all courts *required*" (emphasis added), and provides that "the court *shall* grant such stay as to all parties." 12 U.S.C. § 1821(d)(12)(B) (emphasis added).

The court recognizes that other courts have found circumstances where a stay is not mandatory.*

---

* In *Hunters' Run, I, Ltd. v. Arapahoe Co. Public Trustee*, 741 F.Supp. 207, 208 (D.Colo.1990), the court held the FDIC was not entitled to a stay because the suit was not the type of case for

which Congress enacted the stay provision. Without examining the basis for the Colorado District Court's conclusion that § 1821(d)(12) was inapposite there, this court agrees that the

In *Tuxedo Beach Club Corp. v. City Federal Sav. Bank,* 729 F.Supp. 1508, *superseded on other grounds,* 737 F.Supp. 18 (D.N.J.1990), the court held the stay was neither mandatory nor appropriately granted where the plaintiffs were subject to imminent, irreparable harm from unnecessary delay and the receiver had had sufficient time to familiarize itself with the factual and legal situations. *Id.* at 1510. The court also found it significant that the only forthcoming event in the litigation was a scheduling conference. The court determined the RTC had failed to show it could not be ready for such a conference nine weeks after being appointed receiver. *Id.* The court also expressed the view that Congress passes statutes "to implement a general policy or resolve a general problem" but that courts are to "interpret these statutes within particular contexts." *Id.*

In *FDIC v. Taylor,* 727 F.Supp. 326 (S.D. Tex.1989), the court rejected the FDIC's request for a 90–day stay because the receiver did not request a stay until six months after it was appointed receiver. *Id.* at 327–28. Relying upon legislative history that it interpreted to indicate the stay was intended to give the FDIC " 'breathing room' immediately upon appointment," *id.* at 328, the court concluded the FDIC lacked the power "to stay proceedings to which it is a party at any point, regardless of the length of its involvement." *Id.*

On the basis of the plain language used by the Congress in § 1821(d)(12), this court cannot adopt the approaches or reasoning of either *Tuxedo Beach Club* or *Taylor.* The court respectfully declines to follow *Tuxedo Beach Club* because to do so would relegate the straightforward command of Congress to the status of a statement of general policy to be disregarded when an individual judge deems the particular context to be sufficiently compelling. Section 1821(d)(12)(B) does not say a court "shall grant such stay except where the circumstances do not warrant it." Rather, the statute quite clearly makes the granting of relief obligatory.

The approach in *Taylor* reads into § 1821(d)(12)(A) a requirement of immediacy not found in the language Congress employed. Section 1821(d)(12)(A) states that a request for a stay may be made "[a]fter the appointment of a conservator or receiver;" the law does not impose any particular timing requirement following appointment. Congress left to the conservator or receiver the discretion to decide when it needed breathing room. The court may not modify the exercise of that discretion in the face of Congressional intent that is clearly to the contrary.

■ Even if this court were to find that *Tuxedo Beach Club* and *Taylor* correctly interpret § 1821(d)(12), it would deny plaintiffs' attempt to vacate the stay granted by the court. The RTC had been receiver of Southwest Savings Association four days when this action was filed. (It had previously been conservator of Southwest Savings Association for one month). It removed the case within ten days of the date the case was filed and moved for a stay two weeks thereafter. At this early stage in the RTC's tenure as receiver of Southwest Savings Association, the court does not doubt the RTC's need for the relief the stay provides.

Additionally, the plaintiffs have not, as did the plaintiffs in *Tuxedo Beach Club,* established that they are subject to "imminent, irreparable harm." They contend "certain Defendants have a duty to provide funding (pursuant to the Prince George Joint Venture Agreement), [but] have failed and refused even to respond to Plaintiffs needs for funding." If it is judicially determined that such funding was indeed required of the defendants, plaintiffs can be compensated in damages for any harm they suffer. Plaintiffs also contend there is an immediate possibility of foreclosure. The court has concluded the possibility of the institution of foreclosure proceedings in South Carolina does not constitute immediate irreparable harm and has refused to grant plaintiffs' application for a temporary restraining order.

mandatory stay applies only to suits intended by Congress to be covered by § 1821(d)(12).

A stay is mandatory when properly requested in an action covered by § 1821(d)(12). The motion for reconsideration is therefore denied.

SO ORDERED.