**ST. BERNARD SAVINGS &
LOAN ASSOCIATION**

v.

**ROBIN SEAFOOD, INC.**

Civil A. No. 91–4655.

United States District Court,
E.D. Louisiana.

Feb. 12, 1992.

---

ORDER AND REASONS FOR RULING

CLEMENT, District Judge.

Before the Court is the Resolution Trust Corporation's (RTC) motion for substitution of party, for substitution of counsel and for ninety (90) day stay of the proceedings pursuant to 12 U.S.C. § 1821(d)(12).

RTC's motions for substitution of party and substitution of counsel are GRANTED. For the reasons stated below, RTC's motion for a ninety (90) day stay is DENIED.

\*     \*     \*

Section 1821(d)(12) provides, in pertinent part:

(A) ... After the appointment of a ... receiver for an insured depository institution, the ... receiver may request a stay for a period not to exceed ... 90 days ...

(B) ... Upon receipt of request by any ... receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction over such action or proceeding, the court *shall* grant such stay as to all parties.

(Emphasis Added).

Although the language of the statute implies that a district court must grant a stay whenever it is requested by the receiver, there is a split in authority as to whether it is mandatory.

The Third Circuit, along with three district courts, has held that a stay under 12 U.S.C. § 1821(d) is *not* mandatory. *Praxis Properties v. Colonial Sav. Bank,* 947 F.2d 49 (3rd Cir.1991); *Tuxedo Beach Club Corp. v. City Federal Savings Bank,* 729 F.Supp. 1508 (D.N.J.1990); *FDIC v. Taylor,* 727 F.Supp. 326 (S.D.Tex.1989); *Hunter's Run, I, Ltd. v. Arapahoe County Public Trustee,* 741 F.Supp. 207 (D.Colo.1990). In *Praxis,* the Third Circuit reasoned that the intention of the statute was to provide the receiver with 90–days' breathing room after its appointment. 947 F.2d at 70. Consequently, the court concluded that the receiver was only entitled to a stay lasting until 90 days after its appointment. *Id.* at 70–71.

The Eleventh Circuit has held that the receiver/conservator is entitled to a stay under the statute. *Lazuka v. Federal Deposit Ins. Corp.,* 931 F.2d 1530, 1536 (11th Cir.1990). A handful of district courts have also held that it is mandatory at any time. *Prince George Joint Venture v. Sunbelt Savings, F.S.B.,* 744 F.Supp. 133 (N.D.Tex.1990); *Adams v. Madison Realty & Dev., Inc.,* 746 F.Supp. 419, 423 (D.N.J. 1990), *aff'd on other grounds,* 937 F.2d 845 (3rd Cir.1991); *FDIC v. Norwood,* 726 F.Supp. 1073, 1076 (S.D.Tex.1989). These courts relied on the plain language of the statute which, if read literally, entitles the receiver to a stay whenever it is requested. *See, e.g., Prince George, supra,* 744 F.Supp. at 134–35.

The Fifth Circuit has not yet addressed this issue, and, as evidenced above, there is a split among district court judges within the Circuit.

This Court is persuaded by the Third Circuit's reasoning in *Praxis, supra,* that the statute was not intended to entitle the receiver to a stay at *any* time after its appointment. Despite the language of the statute, there is no logical purpose of the statute other than to allow the receiver time to acquaint itself with the litigation. To allow the receiver to invoke the statute indefinitely does not make sense.

In this case, the RTC was appointed receiver on November 7, 1991. Thus, more than ninety days have passed since the RTC's appointment. Consequently, the RTC is not entitled to a stay. Accordingly,

IT IS ORDERED that the RTC's motion for stay is DENIED.