**Oslin NATION, Plaintiff,**

**v.**

**The RESOLUTION TRUST CORPORATION as Conservator for Sunbelt Federal Savings, FSB, et al., Defendants.**

**Civ. A. No. 3:92–CV–0482–D.**

United States District Court,
N.D. Texas,
Dallas Division.

June 11, 1992.

R. Matthew Molash and Alec Bramlett of Hughes & Luce, Dallas, Tex., for plaintiff.

Sabrina C. Arellano of Arellano & Emerson, Dallas, Tex., for defendant Resolution Trust Corp.

FITZWATER, District Judge:

The question presented by the instant motion to suspend legal action is whether the mandatory stay provided by 12 U.S.C. § 1821(d)(12) may remain in place more than 90 days after the Resolution Trust

Corporation ("RTC") is appointed Receiver of an insured depository institution.

## I

Plaintiff Oslin Nation ("Nation") filed suit in Texas state court seeking to recover judgment from defendant RTC as Conservator for Sunbelt Federal Savings, FSB ("Sunbelt FSB") and from Sunbelt FSB. Nation predicates his action on theories of conversion, breach of fiduciary duty, and breach of contract.

The RTC removed the action to this court. It now moves (1) to substitute itself as Receiver for Sunbelt FSB in the place of itself as Conservator for Sunbelt FSB; (2) to dismiss the action on various grounds; and (3) to suspend the action pursuant to 12 U.S.C. § 1821(d)(12).

## II

At this time, the court reaches only the RTC's request to suspend the action.

On April 10, 1992 the RTC was appointed as Receiver for Sunbelt FSB. The RTC requests in a motion filed April 27, 1992 that the action be suspended for a period of 90 days. Nation opposes the request, contending the RTC has not been substituted in the place of Sunbelt FSB and therefore it is not clear that the RTC has standing to request a stay. He points out that in *St. Bernard Sav. & Loan Ass'n v. Robin Seafood, Inc.*, 785 F.Supp. 80 (E.D.La.1992), the RTC sought not only a § 1821(d)(12) stay but also to be substituted as a party. Alternatively, Nation contends the stay should expire 90 days after April 10, 1992, the date of the RTC's appointment as Receiver, not 90 days after April 27, 1992, the date the RTC filed its motion to suspend this action.

The court first considers Nation's contention that the RTC must be substituted as a party. The RTC replies that it is already a party by operation of law and that substitution is not only appropriate but is required.[1] It does not appear that the RTC opposes seeking substitution or that Nation contests the RTC's right to be made a party.[2] The court will assume that the parties can promptly submit an agreed order of substitution.

The court next considers the parties' dispute concerning the duration of the § 1821(d)(12)[3] stay. In *Prince George Joint Venture v. Sunbelt Savings, F.S.B.*, 744 F.Supp. 133, 134–35 (N.D.Tex.1990), this court held a § 1821(d)(12) stay is mandatory, regardless when requested. This ruling effectively permits the RTC to obtain a 90–day stay at any time after its appointment as Receiver for an insured depository institution. The Third Circuit, in *Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49 (3d Cir.1991), adopted this court's reasoning regarding the mandatory nature of the stay, *id.* at 67, but concluded the stay may not extend past 90 days from the date of the RTC's appointment as Receiver, *id.* at 71. In *St. Bernard Savings* the court noted the Fifth Circuit has yet to decide the question, *id.* at 81, and opted to follow the reasoning of *Praxis Properties* that a stay may not remain in place more than 90 days after the RTC's appointment, *id.*

1. The RTC's pending motion to substitute parties requests that it be substituted as Receiver for Sunbelt FSB in the place of itself as Conservator for Sunbelt FSB.

2. Nation does challenge the RTC's request to be substituted as Receiver for Sunbelt FSB in place of itself as Conservator for Sunbelt FSB, contending he has claims against the RTC in its conservatorship capacity.

3. 12 U.S.C. § 1821(d)(12):
  (12) Suspension of legal actions
    (A) In general
    After the appointment of a conservator or receiver for an insured depository institution,

the conservator or receiver may request a stay for a period not to exceed—
    (i) 45 days, in the case of any conservator; and
    (ii) 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party.
    (B) Grant of stay by all courts required
    Upon receipt of a request by any conservator or receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

**1154**

Both *Praxis Properties* and *Prince George Joint Venture* recognize that § 1821(d)(12) can reasonably be interpreted to permit the RTC to request a stay at any time. *See* 947 F.2d at 70; 744 F.Supp. at 135. This would permit a stay to be effective more than 90 days after the RTC's appointment as Receiver. The *Praxis Properties* panel rejected such a reading, however, for reasons that this court finds persuasive. *See* 947 F.2d at 70–71. This court therefore modifies *Prince George Joint Venture* to the extent of holding that the mandatory stay provided by § 1821(d)(12) is measured according to the date of the RTC's appointment as Receiver. Accordingly, at any time within 90 days of appointment, the RTC may request, and is automatically entitled to, a stay. The stay may not remain in effect, however, more than 90 days after the date of appointment.

The court therefore stays this action through July 9, 1992. At that time the stay will expire automatically and the balance of the RTC's motions will become ripe for decision.

SO ORDERED.