In re GEORGE E. BUMPUS,
JR. CONSTRUCTION
CO., Debtor.

Paul G. BOYLAN, et al., Plaintiffs,

v.

GEORGE E. BUMPUS, JR.
CONSTRUCTION CO.,
et al., Defendants.

Bankruptcy No. 90–11586–WCH.
Adv. No. 92–1275.

United States Bankruptcy Court,
D. Massachusetts.

Aug. 13, 1992.

Alexander Cataldo, Cuddy, Lynch, Manzi & Bixby, Boston, Mass., for plaintiffs.

Neil M. Brown, Boston, Mass., for debtor.

Ellen Carpenter, Kern, Sosman, Hagerty, Roach & Carpenter, Boston, Mass., for Blue Hill Federal Credit Union.

R. Allen Fryer, Peabody & Arnold, Boston, Mass., for NCUA.

## DECISION REGARDING MOTION TO STAY PROCEEDINGS

WILLIAM C. HILLMAN, Bankruptcy Judge.

Before the Court is defendant National Credit Union Administration's ("NCUA") Motion to Stay Proceedings. The Court held a hearing and thereafter took the matter under advisement. NCUA, as liquidating agent of defendant Blue Hill Federal Credit Union ("Blue Hill"), filed a motion to stay proceedings for ninety (90) days under 12 U.S.C. § 1787(b)(12). The plaintiffs in this adversary proceeding (collectively "Boylan") oppose the motion.

As relevant here, the statute provides that

> after the appointment of a ... liquidating agent for an insured credit union, the ... liquidating agent may request a stay for a period not to exceed—(ii) 90 days, ... in any judicial action or proceeding to which such credit union ... is or becomes a party.

It continues:

> upon receipt of a request by any ... liquidating agent ... for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

Two issues are before the Court. First, it must be determined if the language of the statute mandates issuance of a stay upon NCUA's request. If the answer is negative, the Court must determine if the facts of the case merit exercise of its discretion in favor of issuance.

If the conclusion is that the stay should issue, it must be determined if the time for

which a stay can be issued has already expired.

### Is the stay mandatory?

There are no cases interpreting § 1787(b)(12). The parties urge the Court to adopt the decisions under a parallel statute, 12 U.S.C. § 1821(d)(12)(A), which provides the Federal Deposit Insurance Corporation and the Resolution Trust Corporation with a right to a stay in identical language to § 1787(b)(12). That is a reasonable suggestion which the Court will adopt.

Subsection (d)(12)(B) of 12 U.S.C. § 1821, quoted above, provides that upon request for a stay, "the court shall grant such a stay as to all parties." Some courts have held that this language is not mandatory. *Tuxedo Beach Club Corp. v. City Federal Savings Bank,* 729 F.Supp. 1508, 1510 (D.N.J.1990); *Federal Deposit and Insurance Corp. v. Taylor,* 727 F.Supp. 326, 328 (S.D.Tex.1989). Others hold that it is mandatory given the clear language of the statue. *Praxis Properties v. Colonial Savings Bank,* 947 F.2d 49, 67 (3rd Cir.1991); *Prince George Joint Venture v. Sunbelt Savings, F.S.B.,* 744 F.Supp. 133, 135 (N.D.Tex.1990).

■ This Court has been faced with the inequities of § 1821 in prior proceedings. Notwithstanding the reason behind the statute and whether its purpose is being fulfilled in the particular proceeding, when the plain meaning of the statute is clear the Court cannot venture further. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989). The Court finds the language of the statute, "shall grant a stay," is clear and the stay is mandatory.

### The applicable period of the stay

NCUA was appointed liquidating agent of Blue Hill on December 6, 1991. Boylan commenced this action against the defendants on April 27, 1992. In the complaint, NCUA was incorrectly identified as the conservator of Blue Hill. On June 10, 1992, the Court allowed the motion of NCUA as liquidating agent to be substitut-ed for defendants Blue Hill and NCUA as conservator. On July 10, 1992, NCUA filed the motion at issue here.

Boylan argues that § 1787(b)(12) entitles NCUA to a stay of litigation only within the 90–day period immediately following its appointment as liquidating agent. NCUA contends that, based on a plain reading of the statute, the stay is mandatory and must be granted notwithstanding the timing of the request.

As with the prior issue, the opinions are divided.

The court in *Prince George,* held to the plain meaning argument that

> the law does not impose any particular timing requirement following appointment. Congress left to the conservator or receiver the discretion to decide when it needed breathing room. The court may not modify the exercise of that discretion in the face of Congressional intent that is clearly to the contrary.

*Prince George Joint Venture v. Sunbelt Savings, F.S.B.,* 744 F.Supp. 133, 135 (N.D.Tex.1990).

The *Taylor* court, on the other hand, held that the FDIC was not entitled to a stay when the parties had already endured six months of litigation. *Federal Deposit and Insurance Corp. v. Taylor,* 727 F.Supp. 326, 328 (S.D.Tex.1989). This view of the statute was discussed at length in *Praxis Properties v. Colonial Savings Bank,* 947 F.2d 49 (3rd Cir.1991).

The Third Circuit first found that, unlike the question of whether the stay should be imposed, the plain meaning argument was not applicable as to timing because it could conceive of three possible interpretations of the timing requirement. *Praxis,* 947 F.2d at 71. The court found it necessary to go beyond the four corners of the statute into the legislative history. *Id.* It ultimately expressed its confidence "that Congress intended that a receiver request its ... stay within 90 days of its appointment." *Id.* at 70.

NCUA, of course, argues that *Praxis* is a poorly reasoned opinion and that Boylan

cannot fairly say that it is on all fours with this case.

■ This Court disagrees with the Third Circuit. The *Praxis* interpretation would render superfluous that section of the statute that allows the liquidator to request a stay when it "becomes a party". In other words, if, under *Praxis*, the liquidating agent has been in position for more than ninety days and litigation commences, it would not be able to request the stay that is clearly contemplated by the statute. This is not a fair reading of the words of the statute, which this Court finds to be clear within the *Ron Pair* standard.

A separate order will issue.