### TUXEDO BEACH CLUB CORPORATION and Edmund C. Wideman, III, Plaintiffs,

v.

### CITY FEDERAL SAVINGS BANK, in receivership, Resolution Trust Corporation as Receiver, Defendant.

Civ. A. No. 89–5215.

United States District Court, D. New Jersey.

Feb. 9, 1990.

---

**25.** The court was not requested to charge on this     type of liability.

Horn, Kaplan, Goldberg, Gorny & Daniels, P.C., Atlantic City, N.J. by Mark Soifer, for plaintiffs.

Cassidy, Foss & Filippo, Redbank, N.J. by Kathleen A. Sheedy, for defendant.

## OPINION

COHEN, Senior District Judge:

This breach of contract case comes before the court on a motion for a stay by defendant, City Federal Savings Bank, against plaintiffs, Tuxedo Beach Club Corporation and Edmund C. Wideman, III.

Defendant is a financial institution subject to the provisions in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA). P.L. No. 101–73, 1989 U.S.Code Cong. & Admin.News (103 Stat.) 183. Pursuant to this act the Office of Thrift Supervision of the Federal Deposit Insurance Corporation (FDIC) appointed the Resolution Trust Corporation (RTC) to be the receiver for defendant on or about December 7, 1989.

Plaintiffs had instituted this action against defendant on or about December 5, 1989. Plaintiffs allege that defendant had agreed to fund plaintiffs' land acquisition, development, and construction costs of Las Brisas Condominium project ("project"). This project involved a sixty-eight unit condominium complex. Apparently defendant provided a loan to fund the first portion of the project and agreed to provide further monies in the future. Plaintiffs allege that they relied on defendant's promise and began construction, and that defendant did not provide any further loans, in violation of their agreement. Plaintiffs maintain that the half-built project is vulnerable to weather and other elements which can cause it to deteriorate. At the present, plaintiffs allege that there is no funding available to either finish the project or protect it from the elements, and that the project will suffer irreparable harm from unnecessary delay.

RTC has met with the plaintiffs to "analyze and evaluate" this matter, *Brief In Support of Defendant's Request For a Stay Pursuant to FIRREA* at p. 5. It is therefore familiar with plaintiffs' situation. RTC has not denied any of plaintiffs' allegations.

## DISCUSSION

"After the appointment of a ... receiver for an insured depository institution [such as defendant], the ... receiver may request a stay for a period not to exceed ... 90 days ... in any judicial action or proceeding to which such institution is or becomes a party.... Upon receipt of a request by any ... receiver ... for a stay ... the court shall grant such stay as to all parties."

12 U.S.C. 1821(d)(12) (1982), as amended by FIRREA, *supra,* § 212(a), 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 231–32. The legislative history of FIRREA indicates that this provision was enacted to give the FDIC receiver enough time to orient itself to the litigation. "The appointment of a conservator or receiver can often change the character of the litigation; the stay gives the FDIC a chance to analyze pending matters and decide how best to proceed." H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 331 (1989), *reprinted in* 1989 U.S.Code Cong. & Admin.News (103 Stat.) 86, 127. In *Federal Deposit Insurance Corporation v. Taylor,* the court denied the FDIC receiver's motion for a stay. 727 F.Supp. 326 (S.D.Tex., 1989). The court found that since the receiver had already been a party in the litigation for six months prior to requesting a stay, the statute did not apply. The statute was intended to give the receiver "breathing room immediately upon appointment." *Taylor,* 727 F.Supp. 326.

In this case the receiver did apply for a stay, as well as petition for removal from

state court, immediately upon appointment. While acknowledging FIRREA, we still find this is not an appropriate case in which to grant a stay. Where plaintiffs are subject to imminent, irreparable harm from unnecessary delay, and the receiver has had sufficient time to familiarize itself with the factual and legal situation, a stay should not be granted. The legislature passes statutes to implement a general policy or resolve a general problem. Courts, however, interpret these statutes within particular contexts. Courts are to assume that Congress intended its legislation to have a reasonable effect. It would not serve the public interest to allow the waste which would result from an imposition of a stay in this case.

The savings and loan industry was originally created for the purpose of making housing available, through providing affordable mortgages. H.R.Rep. No. 54(I), 101st Cong. 309 (1989), *reprinted in* 1989 U.S.Code Cong. & Admin.News (103 Stat.) 105. According to the House of Representatives' report on FIRREA "[i]t is reasonable to expect the savings and loan industry to rededicate itself to the purpose for which the industry was originally created ..." *Id.* at 105. It would then be a bitter irony to apply a provision of this act in such a way as to allow the deterioration of sixty-eight housing units.

RTC was appointed on or about December 7, 1989 and on December 13, 1989 applied for a stay and removal to this court. It has now been the receiver for City Federal Savings bank for two months. RTC has met with plaintiffs to evaluate the factual and business situation. It has had two months to familiarize itself with this case. Moreover, RTC was appointed the receiver for defendant only eight days after plaintiff instituted this action. The House of Representatives was concerned that "[t]he appointment of a ... receiver can often change the character of litigation." H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 331 (1989), *reprinted in* 1989 U.S. Code Cong. & Admin.News (103 Stat.) 127. This litigation has yet to take on any specific character. It has yet to actually begin. The only forthcoming event regarding this litigation is a scheduling conference set for February 14, 1990. RTC cannot claim that nine weeks after being appointed the receiver for defendant it cannot be prepared for a mere scheduling conference.

The substantial economic waste occurring in this situation would be exacerbated by a stay, and there are no practical countervailing factors for imposing a stay. It can hardly be imagined that Congress intended such a result.

For the aforementioned reasons defendant's motion for a stay shall be denied.