**HUNTER'S RUN, I, LTD., et al., Plaintiffs,**

v.

**ARAPAHOE COUNTY PUBLIC TRUSTEE, et al., Defendants.**

No. 90–C–1236.

United States District Court, D. Colorado.

July 20, 1990.

A. Craig Fleishman, Denver, Colo., for plaintiffs.

Peter Nadel, Denver, Colo., for defendants.

ORDER

CARRIGAN, District Judge.

On July 2, 1990, the plaintiffs commenced this action in the State District Court, in and for the County of Arapahoe, Colorado, seeking a temporary restraining order, a preliminary injunction and a permanent injunction. On December 9, 1988, the defendant Silverado Banking, Savings and Loan ("Silverado"), was declared insolvent, and the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed receiver. On August 9, 1989, the FSLIC was abolished and the Federal Deposit Insurance Corporation ("FDIC") succeeded it as Silverado's receiver. 12 U.S.C. § 1821(a).

On July 16, 1990, the FDIC removed the case to this court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1446. The FDIC has moved to stay the proceedings for ninety days pursuant to 12 U.S.C. § 1821(d)(12). Plaintiffs have responded by opposing the motion. The parties have fully briefed the issues, and a hearing was held July 19 and 20, 1990.

*I. General Background.*

Plaintiffs are allegedly in default on loan obligations to Silverado. As receiver for Silverado, the FDIC is about to foreclose on and sell the property that secured the plaintiffs' loans. Plaintiffs assert that they were prevented from performing their obligations under the subject notes by Silverado's failure to perform its obligations. Plaintiffs seek a temporary restraining order and preliminary injunction to prevent the impending foreclosure and sale. Since the matter has been briefed and heard in a fully adversarial proceeding with both parties represented by counsel, the parties have stipulated that the motion for temporary restraining order be merged into the

motion for preliminary injunction and the latter motion be heard and decided. As stated, the FDIC's motion asks a stay of all proceedings for ninety days. If the stay motion is granted, the foreclosure sale will proceed on August 1, 1990.

## II. 12 U.S.C. § 1821(d)(12).

Under the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101–73 ("FIRREA"), the FDIC as receiver may apply for a ninety day stay of any judicial proceeding in which the institution in receivership is or becomes a party. 12 U.S.C. § 1821(d)(12). Plaintiffs assert that the FDIC is not entitled to a stay here because this is not the type of case for which Congress enacted the stay provision. The two district courts that have addressed the issue have adopted the plaintiffs' position. The FDIC has cited no contrary authority in point.[1]

In *FDIC v. Taylor*, 727 F.Supp. 326 (S.D. Tex.1989), the FDIC had been a party to the litigation for six months before applying for a stay. The court concluded that a stay would be inappropriate because the statute's purpose was to give the receiver "breathing room immediately upon appointment." *Taylor*, 727 F.Supp. at 326.

The facts of *Tuxedo Beach Club Corp. v. City Federal Sav. Bank*, 729 F.Supp. 1508 (D.N.J.1990), are very similar to the case at bar. Although the court case had been pending for only two days, the parties had met to evaluate the factual and business situation over a period of two months prior to filing suit. In evaluating the legislative history of FIRREA, Judge Cohen of the district court for New Jersey concluded that:

"The legislative history of FIRREA indicates that this provision was enacted to give the FDIC receiver enough time to orient itself to the litigation. The appointment of a conservator or receiver can often change the character of the litigation; the stay gives the FDIC a chance to analyze pending matters and decide how best to proceed.' H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 331 (1989), *reprinted in* 1989 U.S.Code Cong. & Admin.News (103 Stat.) 86, 127." *Tuxedo Beach Club Corp.*, 729 F.Supp. at 1509.

Concluding that the FDIC had already been accorded sufficient time to familiarize itself with the case, Judge Cohen denied the stay.

Another similarity between the facts in *Tuxedo Beach Club Corp.* and the instant case warrants discussion. In *Tuxedo Beach Club Corp.*, the plaintiff opposed the ninety day stay, asserting that if the stay were granted, it would suffer irreparable harm. The court agreed.

"Where plaintiffs are subject to imminent, irreparable harm from unnecessary delay, and the receiver has had sufficient time to familiarize itself with the factual and legal situation, a stay should not be granted. The legislature passes statutes to implement a general policy or resolve a general problem. Courts, however, interpret these statutes within particular contexts. Courts are to assume that Congress intended its legislation to have reasonable effect. It would not serve the public interest to allow the waste which would result from an imposition of a stay in this case." *Tuxedo Beach Club Corp.*, 729 F.Supp. at 1510.

In the case at bar, the plaintiffs allege that if the stay is granted, the foreclosure sale will proceed and they will suffer irreparable harm. Although that determination must await resolution of the pending motion for a preliminary injunction, I conclude that granting the stay prior to ruling on that motion, in the instant circumstances, would contravene the Congressional intent in enacting 12 U.S.C. § 1821(d)(12).

Accordingly, IT IS ORDERED that the FDIC's motion for stay is denied.

---

1. FDIC has cited *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487 (E.D.La.1990) and *Bruce v. Martin*, 1990 WL 52180 (S.D.N.Y.). Although these cases note that a stay was previously granted pursuant to 12 U.S.C. § 1821(d)(12), they do not discuss the issue presented by the case at bar. Therefore, they have not affected my decision.