**In re HAMPTON CORPORATION, INC., Debtor.**

**Bankruptcy No. 90–05553.**

United States Bankruptcy Court, D. North Dakota.

March 29, 1991.

Ralph Mitchell, Minneapolis, Mn., for debtors.

David T. DeMars, Fargo, N.D., Laura J. Irick, Kansas City, Mo., for United Federal.

Edward Klinger, Moorhead, Mn., for creditors committee.

### ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the court is a Motion filed by Resolution Trust Corporation (RTC) seeking a stay of all proceedings presently pending in the above-captioned bankruptcy case and in which United Federal Savings Bank of Iowa is a party. The stay is sought specifically with regards to four matters presently pending in connection with the above-captioned case and in which United Federal Savings Bank Association of Iowa is a party. Those matters are: a Motion For An Order Authorizing Use Of Rents filed by the Debtor on March 20, 1991; a Motion For Relief From Stay filed by United Federal Savings Bank of Iowa on March 13, 1991; an Application For Allowance of Priority Administrative Expense Claim filed by United Federal Savings Bank of Iowa on February 14, 1991, and an adversary proceeding entitled *Hampton Corporation, Inc. v. United Federal Savings Bank of Iowa,* Adv. No. 91–07021.

The Debtor, Hampton Corporation, Inc., is a corporation presently in reorganization under Chapter 11 of the United States Bankruptcy Code and is indebted to United Federal Savings Bank of Iowa in the approximate amount of $7,000,000.00 secured by mortgages on various apartment complexes in Grand Forks, North Dakota and Sioux Falls, South Dakota.

Resolution Trust Corporation was appointed receiver for United Federal Savings Bank of Iowa on March 21, 1991, and in such capacity and pursuant to 12 U.S.C. § 1821(d)(12)(A), requests a stay of all proceedings to enable it to obtain other counsel, its prior counsel, DeMars and Turman, Ltd., having been terminated on March 28, 1991.

The Debtor does not object to a stay of any of the proceedings save for the Motion For Use Of Rents, a hearing on which is scheduled for April 1, 1991. The Debtor argues that use of rents is critical to the ability of the Debtor to meet specific expenses to avoid shutting off of utilities and other various charges including insurance premiums on buildings upon which United Federal has a mortgage. The Debtor cannot wait another 45 days without paying these expenses as essential services may be interrupted during the interim.

RTC requests a stay of all proceedings in this case for a period of 45 days. Obviously, if the motion is granted the Debtor will likely not survive the reorganization process because of an inability to use rents.

Under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) RTC as receiver may apply for a stay for a period not to exceed ninety (90) days, "in any judicial action or proceeding to which such institution is or becomes a party". 12 U.S.C. § 1821(d)(12)(A)(ii). The relevant section further provides that upon receipt of a request for a stay of *any* judicial action or proceeding in *any* court, "the court shall grant such stay as to all parties." 12 U.S.C. § 1821(d)(12)(B). At first blush it would appear that the granting of a stay upon request is mandatory, irrespective of the nature of the matter involved. The several courts that have addressed the applicability of the foregoing sections have not so construed it, however, noting that the intent of the stay was to give a federal receiver, whether FDIC or RTC enough time to orient itself to the litigation. H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 331 (1989), U.S.Code Cong. & Admin.News 1989, p. 86. In the case of *Tuxedo Beach Club Corp. v. City Federal Sav. Bank*, 729 F.Supp. 1508 (D.N.J.1990), the court declined to impose a stay under section 1821(d)(12)(B) saying:

> "Where plaintiffs are subject to eminent, irreparable harm from unnecessary delay, and the receiver has had sufficient time to familiarize itself with the factual and legal situation, a stay should not be granted. The Legislature passes statutes to implement a general policy or resolve a general problem. Courts, however, interpret these statutes within particular contexts. Courts are to assume that Congress intended its legislation to have reasonable effect. It would not serve the public interest to allow the waste which would result from an imposition of a stay in this case."

*Tuxedo Beach Club Corp.*, 729 F.Supp. at 1510.

*See also Hunter's Run v. Arapahoe County Public Trustee*, 741 F.Supp. 207 (D.C. Colo.1990).

In the case at bar the court has no difficulty with imposing a 45 day stay as requested with respect to several of the proceedings to which United Federal is presently a party, but it does have difficulty with imposing a stay with respect to the presently pending Motion For Use Of Rents since it appears very likely the Debtor would suffer irreparable harm thereby. At the same time, the court does recognize that United Federal Bank's prior attorneys have been recently dismissed and apparently at this juncture new counsel has not yet been retained. Given the long pendency this particular Chapter 11 and given the fact that United Federal Bank had been intimately involved with the Debtor since the case inception—involvement which has included previous motions for use of rents and stipulations for the same, it should not take either the RTC nor substitute counsel long to familiarize themselves with the motion.

Accordingly, it is the order of the court that the following matters are stayed for a period of forty-five (45) days from the date of this Order:

1. The Motion For Relief From Stay filed by United Federal Savings Bank of Iowa on March 11, 1991;

2. The Application For Allowance Of Priority Administrative Claim filed by United Federal Savings Bank of Iowa on February 14, 1991;

3. All matters relating to *Hampton Corporation, Inc. v. United Federal Savings Bank of Iowa*, Adv. No. 91–07021.

With regards to the Motion For Order Authorizing Use Of Rents filed by Hampton Corporation, Inc. on March 13, 1991, and presently scheduled for hearing on April 1, 1991, the hearing shall be continued until Friday, April 5, 1991, at 2:00 o'clock p.m. thus affording RTC time to obtain counsel and familiarize itself with the motion.

SO ORDERED.