RESOLUTION TRUST CORPORATION,
as conservator for Oak Tree
Savings Bank, Plaintiff,

v.

Alexander DAVIS, Jr., Deirdre L. Davis,
and Mathew Leon, Sr., Defendants.

Civ. A. No. 91–2938.

United States District Court,
District of Columbia.

Dec. 6, 1991.

Paul J. Mirabile, Sue Buser, Marlene Quarles, Middleberg Riddle & Gianna, New Orleans, La.

Vincent J. Sotile, Talbot, Sotile, Carmouche, Marchand and Marcello, Donaldson, La.

James J. Whittenberg, New Orleans, La.

MEMORANDUM

GESELL, District Judge.

This case is one of the countless common law and statutory actions that have been removed by the Resolution Trust Corporation ("RTC") to this Court from various state courts around the country, pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). *See* 12 U.S.C. § 1441a(*l*).[1] For almost two years now, this Court has been transferring such actions by consent to the appropriate federal court encompassing the area in which the action would be most expeditiously, conveniently, and properly handled, and in which the action might have been brought. *See* 28 U.S.C. § 1404(a); *see, e.g., United States Savings Bank v. Rose,* 752 F.Supp. 506 (D.D.C.1990). Recently, RTC has challenged this procedure for reasons illustrated by this typical case.

The Court's practice has been to issue notice to all parties that transfer will be ordered in two weeks unless a party objects. When no objection is received at the

---

1. As of the end of November 1991, 492 of these cases had been removed by RTC from state courts around the country to the United States District Court for the District of Columbia.

end of the two weeks, a transfer order is issued. In the scores and scores of cases that have flooded this Court since members of the Court first began this practice, the parties have virtually never objected to transfer.

In recent cases, although the RTC still is not objecting to transfer per se, it now is seeking to have the transfer delayed. So far, two primary reasons have been given for seeking delay of the transfer order—both of which are propounded in RTC's response to the show-cause notice regarding transfer that was issued by the Court in this case.

RTC argues first that the transfer should be stayed for 90 days pursuant to 12 U.S.C. § 1821(d)(12), which provides as follows:

> After the appointment of a ... receiver for an insured depository institution, the ... receiver may request a stay for a period not to exceed ... 90 days ... in any judicial action or proceeding to which such institution is or becomes a party.

The statute does not give courts any discretion in this regard. Once the request is made, "the court shall grant such stay as to all parties." 12 U.S.C. § 1821(d)(12)(B). The clear purpose of the provision is "to give the receiver enough time to orient itself to the litigation." *Tuxedo Beach Club Corporation v. City Federal Savings Bank,* 729 F.Supp. 1508, 1509 (D.N.J.1990). As a result, the provision has been construed to allow for such a stay only during the period immediately after the receiver has been appointed. *See Federal Deposit Insurance Corporation v. Taylor,* 727 F.Supp. 326, 327–28 (S.D.Tex.1989). During that initial period, however—according to RTC—a court has no alternative except to grant a requested stay.

RTC's second argument for a delay of the transfer order derives from the general principle that a court should determine whether it has subject matter jurisdiction over a case before it transfers that case to another venue. *See Shendock v. Director, Office of Workers' Compensation Programs,* 893 F.2d 1458, 1467 (3rd Cir.1988). RTC contends that this Court, the transfer-or court, should determine the propriety of the removal from state court as a preliminary matter to transferring the case pursuant to 28 U.S.C. § 1404(a). In order properly to make that determination, RTC suggests that this Court must give the parties time to object to the removal. 28 U.S.C. § 1447(c) provides that a "motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after filing of the notice of removal...." Thus, according to RTC, before this Court may transfer these RTC-removed cases, it would have to wait those 30 days, as well as any additional time that might be required for briefing and consideration of any motions objecting to removal and motions for reconsideration of those motions. *See* RTC Response to Show–Cause Order, at 4.

Thus it seems that RTC is trying to thwart this Court's attempts to send these cases filed in the various state courts to the federal court most familiar with the practice of the state where the parties can most conveniently be heard. Previously, lawyers for RTC argued, to no avail, that Congress intended for all these actions actually to be tried in the District of Columbia. *See Rose,* 752 F.Supp. at 508. RTC now seems intent on delaying the cases in this Court for as long as it can, even if the inevitable result—to which RTC itself does not object—is that the cases will be transferred out sooner or later. If RTC were to have its way, the two grounds for postponement outlined above could result in delays of up to four months or more before a case could even be sent to the court that will have ultimate responsibility for it. In light of the fact that the need for transfer is obvious on the face of the papers, such a delay is unnecessary, inefficient, and improper under the statutes cited.

There is no question as to this Court's jurisdiction; nor does the transfer affect the stay described in 12 U.S.C. § 1821(d)(12). That stay provision contemplates giving the receiver "a chance to analyze pending matters and decide how best to proceed." H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 331 (1989), *reprinted in*

1989 U.S.Code Cong. & Admin.News (103 Stat.) 86, 127. In the cases coming to this Court, however, it is RTC itself that has moved for removal. The receiver has already determined that the case should be removed and has invoked this Court's jurisdiction, knowing that the Court will simply transfer the case to a more appropriate venue. The transferee court can more effectively deal with any further procedural or substantive issues.

■ Until Congress acts to alter the present statutory scheme in this area of FIRREA, the inevitability of the § 1404(a) transfer makes the temporary parking of the cases here a mere fortuity. In reality, the removal is not complete until the cases have arrived in the transferee court.[2] If RTC in fact needs the stay—and it very well might—it should request the stay either before removal or after the full removal is complete, in other words, once the transferee court receives the case.[3] It is unfair to the other party and an administrative nightmare for this Court to have to hold all of these RTC cases in limbo for three months or more, midway through the removal process, until the stays expire. Cf. Tuxedo Beach, 729 F.Supp. at 1509–10 (finding that the mandatory stay should not be imposed where unnecessary delay would result in harm to the other party and would not benefit the receiver).

■ At first glance, RTC's second ground for delay would seem to have more merit. This Court should not be transferring cases around the country if in fact it does not have subject matter jurisdiction over them in the first place, and the best way for determining whether or not this Court has jurisdiction would be to allow the parties a chance to file a motion challenging jurisdiction. The provisions of the relevant removal statute, 12 U.S.C. § 1441a(a)(*l*), however, make subject matter jurisdiction a far simpler matter than it often is in other contexts. Section 1441a(a)(*l*) gives the United States district courts jurisdiction over any case in which RTC is a party, and § 1441a(a)(*l*)(3) allows RTC to remove any such action within certain time limits. Presumably, because RTC has filed for removal in the first place, it believes that this Court has jurisdiction. Only the other party, therefore, might have reason to challenge jurisdiction. And in the rare instance where the other party believes that jurisdiction may be defective, it can preserve its challenge to removal more easily and with far less expense before the transferee court. The interests in judicial economy and in prompt action on pending matters demand that the vast majority of cases in which there is jurisdiction be transferred expeditiously, even if the occasional case will require further attention in regard to jurisdiction.

---

**2.** In practice, the action of this Court in passing the cases on to the proper federal forum does not even rise to the level of a court "action or proceeding" under § 1821(d)(12). As a result, the stay does not apply to what in these cases is the purely administrative act of transfer.

**3.** Although the Court signed a stay in this action, it will not do so in future RTC cases that are here only temporarily, between removal and transfer. In such circumstances, this Court is the briefest of way-stations, where only absolutely essential actions will be taken.